IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SAGICOR CORPORATE CAPITAL LIMITED a/s/o CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC.,** | : : : : : **CIVIL ACTION FILE** |
| Plaintiff, | : **NUMBER:** 1:13CV-3327 : |
| v. | : : |
| **DELTA PLUMBING, INC.**, | : : |
| Defendant. | : |

## AMENDED COMPLAINT

COMES NOW Sagicor Corporate Capital Limited, ("Sagicor") as subrogees of Camelot Club Condominium Association, Inc. ("Plaintiff"), who by and through undersigned counsel, file their Complaint against Delta Plumbing, Inc. as follows:

## PARTIES

### 1.

Sagicor Corporate Capital Limited is incorporated in the United Kingdom and has its principal place of business in London. It is 100% corporate capital and there are no names.

**2.**

Delta Plumbing, Inc., is a corporation organized, domiciled and existing under the laws of the state of Georgia, whose registered agent, Randall Y. Irvin, is located at 4837 College Street, Forest Park, Georgia 30050.  Delta's principal place of business is located at 85 Daniel Drive in Stockbridge, Henry County, Georgia.

## JURISDICTION AND VENUE

**3.**

This action arises out of an actual dispute or controversy that exceeds $75,000.00 exclusive of interest and costs.  The dispute involves significant property damage resulting from a fire that is in excess of $2,700,000.

**4.**

There is complete diversity of citizenship between Plaintiff and the Defendant.  The Defendant is not a citizen of the same state as Plaintiff.  Therefore and pursuant to 28 U.S.C. §1332(a)(1), this Court properly maintains diversity jurisdiction over this matter.

**5.**

Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

## **GENERAL ALLEGATIONS**

**6.**

Plaintiff re-alleges and incorporates herein by reference all allegations contained in Paragraph Numbers One through Five as if restated verbatim herein.

**7.**

Camelot Club Condominium Association, Inc. ("CCCA") is an incorporated condominium association for a condominium complex comprising eighteen (18) separate buildings, located at or near 5655 Old National Highway, College Park, Georgia 30349 (hereinafter identified as the "Camelot Club Complex").

**8.**

On or about March 18, 2011, a fire started at or in Building Number 10 at the Camelot Club Complex (the "Fire"). Plaintiff does not allege that Defendant ignited the Fire.

**9.**

Soon after the discovery of the Fire, 9-1-1 was called, and units from the Fulton County Fire Department ("Fire Department") arrived at the Camelot Club Complex to perform fire suppression and related activities.

**10.**

Upon their arrival at the Fire, Fire Department personnel noted that the fire was contained in Building 10 and had not breached the firewall.

**11**.

Upon arrival, the Fire Department attempted to utilize the nearest fire hydrant located on the Camelot Club Complex premises but determined it was inoperable ("Hydrant" hereinafter).

**12.**

Subsequent investigation revealed that, prior to the fire, CCCA had requested that Defendant perform plumbing repairs at the Camelot Club Complex. During making those repairs, Defendant, by and through its employees and/or agents, made such repairs improperly, and, without authority, turned off the Hydrant and/or otherwise turned off the water supply to the Hydrant to perform those plumbing repairs.  Once the repairs were completed and before the fire, Defendant failed to turn the Hydrant back on, and/or failed to reactivate the Hydrant, and/or failed to restore the water supply to the Hydrant.

**13**.

After failing to turn the Hydrant back on and/or reactivate the Hydrant and/or restore the water supply to the Hydrant, Defendant failed to mark and/or tag

the Hydrant as being inoperable and failed to notify Plaintiff or Fulton County Fire Department or anyone else that the Hydrant was inoperable at any time.

**14.**

CCCA fully paid Defendant for the plumbing services provided by the Defendant.

**15.**

Prior to Defendant's repairs, the Hydrant had a water supply and was in good working order.

**16.**

During the fire, having determined that the Hydrant located on the Camelot Club Complex premises was inoperable, the Fire Department was forced to locate and utilize a different and more distant hydrant located on Jerome Street.

**17.**

As a result of the Fire Department's inability to connect immediately to the Hydrant, fire suppression activities at the Camelot Club Complex were delayed to the detriment of CCCA.

**18.**

As a result of the delay in engaging in fire suppression activities resulting from the inoperable Hydrant located on Camelot Club Complex premises, and by

the time the Fire Department had located an operating hydrant on Jerome Street, the Fire had spread. As a result of such delay, the attic area of Building 10 was fully involved and the Fire was proceeding rapidly to engulf the entire building.

**19.**

Ultimately, such delay allowed the Fire to spread and destroy Building 10, spread and severely damage neighboring Building 11, and spread to and severely damage the Camelot Club Complex's club house.

## **NEGLIGENCE**

**20.**

Plaintiff re-alleges and incorporates herein by reference all allegations contained in Paragraph Numbers One through Nineteen as if restated verbatim herein.

**21.**

In the course of making its repairs to CCCA's property, Defendant improperly and without authority, turned off the Hydrant and/or otherwise turned off the water supply to the Hydrant when performing its repairs.

**22**.

After Defendant completed the repairs, Defendant failed to turn the Hydrant back on, and/or failed to reactivate the Hydrant and/or restore the water supply to

the Hydrant. During and after the completed repairs, the Defendant did not mark and/or tag the Hydrant as being inoperable at any time and failed to notify CCCA and/or Fulton County Fire Department or anyone that the Hydrant was inoperable at any time.

**23.**

In so failing to restore water supply to the Hydrant in question and/or failing to turn on the Hydrant and/or re-activate the Hydrant and in failing to mark and/or tag the Hydrant as being inoperable or notify anyone at any time, Defendant caused the Hydrant to be inoperable and prevented the Hydrant from providing water for firefighters who arrived to suppress the Fire on or about March 18, 2011.

**24.**

At all times relevant and material hereto, Defendant owed a duty to CCCA to use best practices in performing its repairs and to ensure that the Hydrant in question was turned on and/or re-activated, that the water supply was returned, and to tag and/or mark the Hydrant as inoperable, to notify CCCA and other appropriate persons of same, and such other legal duties as may be reflected by the evidence at trial.

**25.**

Defendant owed a duty to CCCA to exercise reasonable care to act safely and reasonably in the performance of its duties and not to expose CCCA to unreasonable risk, including, but not limited to, repairing plumbing in a way that did not adversely affect the Hydrant, reopening and/or re-activating the Hydrant and re-supplying water to the Hydrant, in addition to properly marking and/or tagging the Hydrant as being inoperable and/or to notify CCCA and other appropriate persons of same.

**26.**

Defendant breached all of the duties set forth above, and was so negligent. Defendant's negligence factually and proximately caused significant damages to CCCA's property.

**27**.

Defendant is liable for the actions of its employees and agents under Georgia's law of agency, under Georgia's Respondent Superior Doctrine and/or under other applicable law.

**28**.

Defendant was negligent by failing to satisfy its duties under Georgia law by failing to comply with O.C.G.A. § 25-2-4 et seq., and § 51-1-6 et seq., and other

provisions of applicable codes and regulations; by failing to turn on/re-activate the Hydrant and/or otherwise to restore water supply to the Hydrant; by failing otherwise to properly mark/tag the Hydrant as inoperable; by failing to notify Camelot Club Condominium Association, Inc. or Fulton County Fire Department or anyone of the inoperable status of the Hydrant; by failing to act reasonably in the evaluation and plumbing repairs on Camelot Club Complex premises; by failing to comply with Georgia law and regulations, and with the provisions of NFPA 25 and International Fire Code ("IFC") and such other negligent acts and/or omissions as may be reflected by the evidence.

**29.**

Defendant's failure to comply with the above-described code provisions and regulations, including, but not limited to, O.C.G.A. § 25-2-4 et seq., and § 51-1-6 et seq.; failure to comply with NFPA 25, and failure to comply with the International Fire Code (IFC) as adopted by the state of Georgia, constitutes Negligence *Per Se* as contemplated under Georgia law.

**30.**

As a result of the spread of the Fire caused by the negligent actions of the Defendant, Camelot Club Condominium Association, Inc. was injured, and

suffered damages, and Plaintiff, as subrogee of Camelot Club Condominium Association, Inc., suffered damages.

**31.**

Plaintiff, as insurer for Camelot Club Condominium Association, Inc. and as a result of damages sustained in the Fire, compensated Camelot Club Condominium Association, Inc. directly for the damages sustained by it.

**32.**

As a result of such payments, Plaintiff is now subrogated to the legal rights of Camelot Club Condominium Associations, Inc. to the extent that insurance payments have been made and/or owed under the Policy and/or applicable law.

**33.**

All conditions precedent to the institution of this action have occurred or have been met, performed, or waived.

**34.**

To date, losses are in excess of $2.7 million.  These damages continue to accrue to the extent additional insurance benefits are paid.

## BREACH OF CONTRACT/WARRANTY

**35.**

Plaintiff re-alleges and incorporates herein by reference all allegations contained in Paragraph Numbers One through Thirty-Four as if restated verbatim herein.

**36**.

In performing the repairs it was hired to perform, Defendant provided an implied warranty to perform its work in such a way so as not to cause harm.

**37.**

By failing to turn on and/or re-activate the Hydrant after repairs were completed, by failing to make proper repairs, by failing to restore water supply to the Hydrant after repairs were completed and/or by failing properly to mark/tag the Hydrant as being inoperable at any time, and by failing to notify CCCA, Fulton County Fire Department, or anyone of the inoperable status of the Hydrant, Defendant has breached its contract with CCCA.

**38.**

By failing to turn on and/or re-activate the Hydrant after repairs were completed, by failing to make proper repairs, by failing to restore water supply to the Hydrant after repairs were completed and/or by failing properly to mark/tag the

Hydrant as being inoperable at any time, and by failing to notify CCCA, Fulton County Fire Department, or anyone of the inoperable status of the Hydrant, Defendant has breached its warranty(ies) to CCCA.

**39**.

As a result of Defendant's breach of contract and/or breach of warranty(ies), CCCA was injured, and Plaintiff, as subrogee of CCCA, has incurred damages in excess of $2.7 Million.  These damages continue to accrue to the extent additional insurance benefits are paid.

## TRESPASS TO REAL PROPERTY

**40.**

Plaintiff re-alleges and incorporates herein by reference all allegations contained in Paragraph Numbers One through Thirty-Nine as if restated verbatim herein.

**41.**

By failing to turn on and/or re-activate the Hydrant after repairs were completed, by failing to make proper repairs, by failing to restore water supply to the Hydrant after repairs were completed and/or by failing properly to mark/tag the Hydrant as being inoperable at any time, and by failing to notify CCCA, Fulton

County Fire Department, or anyone of the inoperable status of the Hydrant, Defendant has trespassed CCCA's property causing damages.

**42.**

As a result of Defendant's trespass, CCCA was injured, and Plaintiff, as subrogee of CCCA, has incurred damages in excess of $2.7 Million. These damages continue to accrue to the extent additional insurance benefits are paid.

## PUBLIC AND PRIVATE NUISANCE

**43.**

Plaintiff re-alleges and incorporates herein by reference all allegations contained in Paragraph Numbers One through Forty-Two as if restated verbatim herein.

**44.**

By failing to turn on and/or re-activate the Hydrant after repairs were completed, by failing to make proper repairs, by failing to restore water supply to the Hydrant after repairs were completed and/or by failing properly to mark/tag the Hydrant as being inoperable at any time, and by failing to notify CCCA, Fulton County Fire Department, or anyone of the inoperable status of the Hydrant, Defendant caused a public and private nuisance, causing damages.

**45.**

As a result of Defendant's public and private nuisance, CCCA was injured, and Plaintiff, as subrogee of CCCA, has incurred damages in excess of $2.7 Million. These damages continue to accrue to the extent additional insurance benefits are paid.

## RECOVERY OF LITIGATION EXPENSES

**46.**

Plaintiff re-alleges and incorporates herein by reference all allegations contained in Paragraph Numbers One through Forty-Five as if restated verbatim herein.

**47.**

Defendant has caused Plaintiff to endure unnecessary trouble and expense in the recovery of its damages in this case.

**48.**

Accordingly and pursuant to O.C.G.A § 13-6-11, Plaintiff, as subrogee of Camelot Club Condominium Association, Inc., is entitled to recover all litigation costs, including attorneys' fees, from the Defendant.

**WHEREFORE**, Plaintiff demands:

1).   That summons issue to be served upon Defendant Delta Plumbing, Inc.;

2).   That the Plaintiff have a trial by jury of all issues raised in this Complaint;

3).   That Plaintiff recover all damages from Delta Plumbing, Inc. as will be proven at trial;

4).   That Plaintiff recover its reasonable litigation costs, including attorney fees, from the Defendant as provided by O.C.G.A. § 13-6-1;

5).   That all costs of this action be taxed to the Defendant; and

6).   That Plaintiff be provided such other and further relief as the Court may deem just and proper.

Submitted this 21st day of November 2013.

        **SKEDSVOLD, WHITE & WESLEY, LLC**

        __/s Nanette L. Wesley_____
        Nanette L. Wesley
        Georgia Bar No. 748388

        __/s Craig R. White_____
        Craig R. White
        Georgia Bar No. 753030

        __/s Kylie Holladay_____
        Kylie Holladay
        Georgia Bar No. 100162
        *Attorneys for Plaintiff*

1050 Crown Pointe Pkwy Ste 710
Atlanta, Georgia 30338
PH (770) 392-8610 FX (770) 392-8620
nwesley@swandwlaw.com
cwhite@swandwlaw.com
kholladay@swandwlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAGICOR CORPORATE CAPITAL LIMITED a/s/o CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELTA PLUMBING, INC. <br><br> Defendant. | CASE NO. <br> 1:13-cv-03327-SCJ |

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of **AMENDED COMPLAINT** was served by electronic means via the Court's ECF system which will electronically deliver a copy to the following attorneys of record as follows:

Sean L. Hynes, Esq.
Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060
hynes@downeycleveland.com

Andrew J. Becker, Esq.
David J. Merbaum, Esq.
The Merbaum Law Group, PC
5755 North Point Parkway Ste 284
Alpharetta, GA  30022
abecker@merbaumlaw.com
dmerbaum@bellsouth.net

Page **17** of **18**

This 21st day of November 2013.

                                        */s/ Nanette L.Wesley*_____
                                        Nanette L. Wesley
                                        GA Bar No. 748388

**Skedsvold, White & Wesley, LLC**
1050 Crown Pointe Pkwy Ste 710
Atlanta, Georgia 30338
PH (770) 392-8610; FX (770) 392-8620
nwesley@swandwlaw.com