IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAGICOR CORPORATE
CAPITAL LIMITED a/s/o CAMELOT
CLUB CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

DELTA PLUMBING, INC.,

    Defendant.

CIVIL ACTION FILE
NUMBER: 1:13CV-3327

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN[1]

**1.   Description of Case:**

(a) Describe briefly the nature of this action.

Plaintiff alleges that as a direct result of the negligence of the Defendant, Fulton County Fire Fighters were substantially delayed in suppressing a fire at its insured's property. The ensuing fire damages was much greater than it would have been but for the Defendant's negligence. As a result, Plaintiff is entitled to damages for negligence, breach of contract/warranty, trespass to real property, public and private nuisance and recovery of litigation expenses. Defendant denies any negligence. Defendant further denies that Plaintiff is entitled to recover in any amount.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

---

[1] All Parties agreed to conduct the conference via telephone.

1

On or about March 18, 2011, a fire started at or in Building Number 10 at the Camelot Club Complex (the "Fire"). Soon after the discovery of the Fire, 9-1-1 was called, and units from the Fulton County Fire Department ("Fire Department") arrived at the Camelot Club Complex to perform fire suppression and related activities. Upon arrival, the Fire Department attempted to utilize the nearest fire hydrant located on the Camelot Club Complex premises but determined it was inoperable ("Hydrant" hereinafter).

Prior to the fire, CCCA had requested that Defendant perform plumbing repairs at the Camelot Club Complex. Plaintiff alleges that in the course of making those repairs, Defendant made such repairs improperly, and, without authority, turned off the Hydrant and/or otherwise turned off the water supply to the Hydrant to perform those plumbing repairs. Plaintiff alleges that once the repairs were completed and before the fire, Defendant failed to turn the Hydrant back on, and/or failed to reactivate the Hydrant, and/or failed to restore the water supply to the Hydrant. Defendant denies these allegations.

During the fire, having determined that the Hydrant located on the Camelot Club Complex premises was inoperable, the Fire Department had to utilize a different hydrant. Plaintiff alleges that as a result of the Fire Department's inability to connect immediately, fire suppression was delayed. Defendant denies that it is responsible for any delay in suppressing the fire and denies that it is responsible for any damages arising out of the same.

(c) The legal issues to be tried are as follows:

- Negligence of the Defendant, including issues of comparative negligence, causation and damages.
- Apportionment – non-party fault.
- Breach of contract/warranty.
- Trespass to real property.
- Public and private nuisance.
- Recovery of litigation expenses.

2

- Jurisdiction and venue.
- Defendant's contention that Plaintiff has failed to state a claim.
- Whether Plaintiff is authorized to recover under the terms and condition of any applicable insurance policy. Plaintiff does not believe that such an issue should be before the Court as Defendant has not listed this issue as an affirmative defense, nor has Defendant filed a counterclaim asserting the same.

(d)  The cases listed below (include both style and action number) are:

   (1)  Pending Related Cases: Unknown.

   (2)  Previously Adjudicated Related Cases: Unknown.

**2.**  This case is complex because it possesses one or more of the features listed below (please check):

   _____ (1)  Unusually large number of parties

   √ (2)  Unusually large number of claims or defenses

   √ (3)  Factual issues are exceptionally complex

   √ (4)  Greater than normal volume of evidence

   √ (5)  Extended discovery period is needed

   _____ (6)  Problems locating or preserving evidence

   _____ (7)  Pending parallel investigations or action by Government

   √ (8)  Multiple use of experts

   _____ (9)  Need for discovery outside of United States bounderies

   √ (10)  Existence of highly technical issues and proof

_____(11)   Unusually complex discovery of electronically stored information

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Nanette L. Wesley
1050 Crown Pointe Pkwy, Suite 710
Atlanta, Georgia 30338
PH (770) 392-8610; FX (770) 392-8620
nwesley@swandwlaw.com

Defendant:

LEAD COUNSEL FOR DELTA PLUMBING:
Sean L. Hynes, Esq. (GA Bar No. 381698)
Downey & Cleveland, LLP
288 Washington Ave
Marietta, GA 30060
PH (770) 422-3233; FX (770) 423-4199
hynes@downeycleveland.com

CO-COUNSEL FOR DELTA PLUMBING:
David J. Merbaum, Esq. (GA Bar No. 006700)
Andrew Becker, Esq. (GA Bar No. 142595)
Merbaum Law Group P.C.
5755 North Point Parkway, Suite 284
Alpharetta, GA  30022
PH (678) 393-8232; FX (679) 393-0410
dmerbaum@bellsouth.net
abecker@merbaumlaw.com

4

## 4.  Jurisdiction:

Is there any question regarding this Court's jurisdiction?

__√__   Yes          ____   No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identity and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Defendant expressly incorporates its Motion to Dismiss, its Reply Brief, and all citations of authority contained therein. Plaintiff opposes the Motion to Dismiss. While Plaintiff does question the Court's jurisdiction, Defendant has filed a Motion to Dismiss, which Plaintiff believes is moot based upon the fact that Plaintiff filed its Amended Complaint after Defendant's Motion to Dismiss had been filed.

## 5.  Parties to This Action:

(a)   The following persons are necessary parties who have not been joined:

Unknown at this time. The parties reserve the right to add necessary parties should any be uncovered in discovery. Defendant has not yet been provided with any applicable policy of insurance upon which the Plaintiff's subrogation claim is

5

based and, therefore, the Defendant is not aware of whether the Plaintiff is the proper entity authorized to bring this action under the policy. Plaintiff believes that this relates to the issue of standing which was not raised by Defendant as an affirmative defense. As such, Plaintiff does not believe that this issue should be before the Court. See also 1 (c), above.

(b) The following persons are improperly joined as parties:

Unknown at this time.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiff has filed an Amended Complaint.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.  **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.  All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)   Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c)

eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties plan to conduct discovery on the issues identified above and reserve the right to conduct additional discovery as warranted and depending upon the information developed.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:  In light of the delays associated with the holiday season, the parties anticipate seeking additional time to offset this period. The Defendant believes additional time will be needed beyond an extension due to the holiday season.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed? None at this time.

(b) Is any party seeking discovery of electronically stored information?

    √     Yes          No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties agree to the production of discoverable email and electronically stored records in accordance with the Federal Rules of Civil Procedure.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Preferably PDF format for documents.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Defendant will provide a draft protection order protecting proprietary information for the Plaintiff to consider.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 20, 2013, and that they have participated in internal settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

In further response, because Plaintiff immediately filed an amended complaint, the parties did not hold an additional conference, but instead file this after Defendant's answer to the amended complaint

For plaintiff: Lead counsel (signature):_____

Other participants:_____

For defendant: Lead counsel (signature): _____

Other participants:_____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( √ ) A possibility of settlement before discovery.

( √ ) A possibility of settlement after discovery.

( ) A possibility of settlement, but a conference with the judge is needed.

( ) No possibility of settlement.

(c) Counsel ( √ ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: TBD.

(d) The following specific problems have created a hindrance to settlement of this case.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2013.

(b) The parties (\_\_√\_\_) do not consent to having this case tried before a magistrate judge of this Court.

_____  _____
Counsel for Plaintiff                                              Counsel for Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*

### SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this \_\_\_\_\_ day of _____ 20\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE