# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SAGICOR CORPORATE CAPITAL LIMITED
a/s/o CAMELOT CLUB CONDOMINIUM
ASSOCIATION, INC.,

     Plaintiff,

v.

DELTA PLUMBING, INC.

     Defendant.

CIVIL ACTION FILE NO.
1:13-cv-03327-SCJ

---

## PLAINTIFF SAGICOR CORPORATE CAPITAL LIMITED A/S/O CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC.'S RESPONSE MEMORANDUM TO DEFENDANT DELTA PLUMBING, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Plaintiff, Sagicor Corporate Capital Limited as subrogee of Camelot Club Condominium Association, Inc. ("Sagicor"), through the undersigned counsel, without waiving any of the claims previously asserted, and files this Response Memorandum to Defendant Delta Plumbing, Inc.'s Motion for Judgment on the Pleadings.[1]  In support of this Response, the Plaintiff shows the Court as

---

[1] Though Sagicor contends that this Defendant's Motion is frivolous and no action is necessary, Sagicor is seeking leave to file a Second Amended Complaint

follows:

The action against Delta Plumbing, Inc. ("Delta Plumbing") filed by Sagicor is properly brought in the federal district court for the Northern District of Georgia as there is complete diversity between Sagicor and the Defendant, and Sagicor has the right to pursue a cause of action, as the only Defendant, in this forum, as a surplus lines insurer.  Plaintiff, who is incorporated in the United Kingdom and has its principal place of business in London, has filed this action as subrogee of its insured, Camelot Club Condominium Association, Inc. ("CCCA"), against Delta Plumbing, which is a Georgia Corporation.[2]  As such, in the present action, the insurer

_____

addressing the issues raised herein to allow the Court to focus solely on the merits of this action, which should render the Defendant's Motion moot.

[2] Sagicor notes that since the filing of its Amended Complaint upon which the Defendant's Motion is based, Sagicor has been bought by AmTrust Underwriting Ltd. ("AmTrust").  The AmTrust name change is really not necessary since it is not a different party, but merely the new name for Sagicor and Sagicor right's and liabilities.  Since Defendant is so concerned with the real party in interest, Plaintiff will file a Second Amended Complaint upon leave of the Court.  On information and belief, Defendant's arguments are a smokescreen to avoid a federal forum – the

subrogee, here, Sagicor, is fully and properly subrogated to the rights of CCCA and is the real party in interest for purposes of diversity.  *Concept Ind., Inc. v. Carpet Factory, Inc.*, 56 F.R.D. 58 (E.D.Wis. 1972); *Wentz v. Alberto Culver Co.*, 294 F.Supp. 1327 (D.C.Mont. 1969).

Moreover, the subrogor, CCCA, is not a party to the present litigation, nor is CCCA required to be a party under Georgia law.  CCCA is not seeking relief from the Court or damages from the Defendant.  Accordingly, there exists complete diversity of citizenship between Plaintiff and Defendant, and the Defendant's Motion for Judgment on the Pleadings on these grounds is patently meritless.

Similarly, the Defendant is not entitled to a judgment on the pleadings based upon the argument that Sagicor is not authorized to file suit in the state of Georgia. As a surplus lines insurer, Sagicor is not required to obtain a certificate of authority

---

Defendant would like to try this case in Henry County.  Unfortunately for the Defendant, the Plaintiff has established its right to a federal forum.  Plaintiff is filing a Motion for Leave to File a Second Amended Complaint showing the name correction.   AmTrust, just like Sagicor, remains incorporated in the United Kingdom, has its principal place of business in London, and still comprises 100% corporate capital with no individual names.

under O.C.G.A. § 14-2-502 to pursue such action.  Indeed, as a surplus lines insurer, Sagicor is expressly permitted to insure risks within the state of Georgia without a certificate of authority being issued by the Secretary of State.  Further, it is well-established that surplus lines insurers are permitted to maintain legal actions within the state of Georgia.  Indeed, this Court has adjudicated them.  Defendant's Motion on these grounds likewise must fail.

## I.    **Standard for Judgment on the Pleadings**

A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss, and a complaint should be dismissed only when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  *Roma Outdoor Creations, Inc. v. City of Cumming, Ga.*, 558 F. Supp. 2d 1283, 1284-85 (N.D. Ga. 2008).  This Court explained this stringent standard: "In considering a motion to dismiss, the court must accept the plaintiffs' allegations as true and construe all the allegations in the complaint in a light most favorable to plaintiff." *Id.*  Where a complaint adequately states a claim, it may not be dismissed simply because the defendant (or the court) believes that the plaintiff will fail to find evidentiary support for his allegations.  *Id.*  The Amended Complaint stands on its, own, but, again, in an abundance of caution, the Plaintiff is filing a Motion for Leave to File a Second Amended Complaint and Second

Amended Complaint rendering this Motion moot.  Should the Court not grant leave to amend, that does not affect the efficacy of the Amended Complaint.

## II.  <u>Diversity</u>

### a.    **The Insured's Citizenship is Irrelevant as It is Not a Party**

As an initial matter, CCCA is not a party to this action, and its citizenship is irrelevant.  *Am. Compl. Introduction* and ¶ 1.  The Defendant's contentions are vacuous and difficult to articulate, but it is apparently arguing that "In all subrogation suits the insured's citizenship should be considered."   In actuality, all of the Defendant's arguments are about standing.  By arguing that Sagicor cannot pursue its subrogation action without the inclusion of CCCA, and CCCA's citizenship being considered, the Defendant is essentially arguing that Sagicor alone lacks standing, which it failed to raise as an affirmative defense.  Such argument has been waived. Standing here is an affirmative defense not raised by the Defendant.  Sagicor's status as a foreign insurer is not jurisdictional in nature – but goes to an underlying right to seek relief, not whether the forum court has jurisdiction.  *See  Kay-Lex Co. v. Essex Ins. Co.*, 286 Ga. App. 484, 492, 649 S.E.2d 602, 609 (2007).  Accordingly, it is waived.

The Defendant's contention that the insured's citizenship must be considered is grossly overstated as shown by the cases it cites and contrary to the specific

allegations of the Amended Complaint.  *Am. Compl. Introduction* and ¶ 1.  To that end, the caselaw on which Defendant relies is inapposite.  The Defendant relies on *Caterpillar, Inc.* and *Childers* to support this argument.  *Caterpillar, Inc.* and *Childers*, simply restate that diversity is or would be incomplete only so long as a non-diverse party was present in the lawsuit.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S. Ct. 467, 469, 136 L. Ed. 2d 437 (1996)(specifically recognizing that diversity became complete after dismissal of the non-diverse party); *Childers v. E. Foam Products, Inc.*, 94 F.R.D. 53, 58 (N.D. Ga. 1982) (finding that insurer/subrogee should be joined to the action only "if its joinder does not require dismissal of the case for subject matter jurisdiction defects.")  Neither of these cases holds that the insureds must be present always.  (See attached.)  Here, CCCA is not present; therefore, its citizenship is irrelevant, and jurisdiction before this Court is proper.

The law is the subrogees' causes of action, if any, will be barred by *res judicata* if not pursued.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048 (9th Cir 2007); *Duong v. Nationwide Ins. Co.*, 206 Fed. Appx. 180 (3rd Cir. 2006). The Defendant cannot be allowed to twist these simple concepts into an absurd blanket rule that would require all subrogees to be included as parties – whether they wished to pursue their claims or not.  Sagicor is subrogated to the rights of the Insured, and pursuant to the Policy, have the right, without the Insured, to sue the

Defendant.  *See Am. Compl.*; *Arch Ins. Co. v. Carol & Dave's Roadhouse, Inc.*, 2:11-CV-801, 2011 WL 6027032 (W.D. Pa. Dec. 5, 2011).

**b.    The Insured's Citizenship is Irrelevant as Sagicor is the Proper Party in Interest**

Alternatively, the Defendant erroneously attempts to bootstrap CCCA's citizenship by arguing that (1) Sagicor's subrogation interest is only "partial" and (2) as a result, with respect to diversity in subrogation actions, the citizenship of both the subrogor and the subrogee is to be considered regardless of whether they are named, or again, formulate a blanket rule of forced litigation as to the subrogor.  As shown below, subrogation is an assignment, and there is no requirement that the assignor be a party.  Indeed, that it is the whole purpose of assignment.  Defendant cites no authority for this, and, indeed, cannot here as that position is contrary to well-settled law.

First, Sagicor is subrogated to the rights of CCCA by virtue of the payments made under the insurance contract between the parties.  *See Am. Compl.* ¶¶ 30-34; *Arch Ins. Co.*, 2011 WL 6027032 at *1.  Upon making payments to CCCA under the Policy, Sagicor was assigned all rights to recover from Delta Plumbing and is thus CCCA's subrogee.  *See Am. Compl.* ¶¶ Introduction and 30-34.  Pursuant to the terms of the Policy, Sagicor has paid approximately $2,700,000 to compensate CCCA for losses sustained as a result of a fire that took place on March 18, 2011.

*See Am. Compl.* ¶¶ 30-34.  Where the subrogee has paid a loss suffered by an insured, the subrogee is the real party in interest and must sue in its own name. *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81, 70 S. Ct. 207, 94 L. Ed. 171 (1949)(arising under the FTCA, but providing relevant guidance here.) *See also Charter Oak Fire Ins., Co. v. River City Mech., Inc.*, 12-1360-RDR, 2013 WL 162263 (D. Kan. Jan. 11, 2013); and *Arch Ins. Co.*, 2011 WL 6027032 at *1.  *Aetna* does not force the corollary that the subrogor must also be included every time. *Aetna* held the subrogor "may" be included. *Aetna Cas. & Sur. Co.*, 338 U.S. at 381, 70 S. Ct. at 213, 94 L. Ed. 171.  In this respect, the Defendant's citation to the *Aetna* decision to support its Motion to Dismiss is entirely misguided.

As Sagicor is the real party in interest with respect to the claims asserted in this action, only Sagicor, as subrogee, must satisfy diversity jurisdiction.  *See Travelers Prop. Cas. Co. of Am. v. Noveon, Inc.*, 248 F.R.D. 87, 89 (D. Mass. 2008); *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, Inc.*, 409 F. 3d 73, 81-81 (2d Cir. 2005).  The Defendant fails to cite to a single case that requires the subrogor who has assigned its rights under the Policy, as CCCA did here, to sue or to be named as party in the pending litigation.  Quite the opposite, this Court has recognized that when the right to recover has been assigned, the subrogee is the real party in interest under Georgia law. *See Arch Ins. Co.*, 2009 WL 5175591 at *1.

The subrogor is not seeking anything in this suit, as the Complaint shows, and the rights assigned to Sagicor under the Policy do not represent a partial subrogation. In an effort to avoid this axiomatic result, the Defendant argues that Sagicor is not fully subrogated as CCCA retains its rights in certain causes of action which cannot be pursued by Sagicor.   Again, this is an incorrect application of the cases relied upon by the Defendant in an attempt to confuse the issue.   Sagicor can pursue any claims upon which the CCCA may recover for its subrogated property damages, including alternative claims.  *See* Fed. R. Civ. P. 8.  As recognized by the Court in *Arch Insurance Company*, since the subrogee steps into the shoes of the subrogor, the subrogee can pursue even those causes of action damaging only the subrogor. *Id.*

In particular, the Defendant claims a "potential" punitive damages claim remains, but not only is CCCA not making such a claim, that claim is *res judicata* as to the subrogor who is not making it here.  Simply, the Amended Complaint does punitive damages, and that argument is moot.  Because Sagicor is fully subrogated to CCCA's interest by virtue of paying the loss, and, consequently being the only real party in interest, it is able to pursue CCCA's causes of action.  *Arch Ins. Co.*, 2009 WL 5175591 at 1.

In actuality, CCCA is not seeking any damages from the Defendant, but instead is only a subrogor under the insurance policy – adding the subrogor would be redundant and would only destroy diversity.  As discussed above, this makes Sagicor, alone, the real party in interest with respect to the pending litigation.  *See Aetna Cas. & Sur. Co.*, 338 U.S. at 380-81, 70 S. Ct. at 215, 94 L. Ed. 171.   Based upon that fact, there can be no joinder of any additional party such as to destroy diversity jurisdiction.  *Id.*

Sagicor, as subrogee and the only real party in interest to this claim, is diverse from Delta Plumbing, the Defendant, in this action, and, as the amount in controversy is fulfilled, this action is clearly within the jurisdiction of this Court.

### c.    Sagicor's Citizenship is Only its Own Place of Incorporation and Principal Place of Business

The Defendant alternatively argues that, depending on its corporate structure, Sagicor has the burden of pleading the individual citizenship of each of its members in order to establish diversity jurisdiction.  This is incorrect.  Sagicor is a syndicate comprising 100% corporate capital with no individual names.  *Am. Compl.* ¶ 1; *see* 28 U.S.C. § 1332 (c).  In diversity, corporate Plaintiff's investors' citizenship is irrelevant to determining diversity—only the place of incorporation and principal place of business is examined.  28 U.S.C. § 1332(c).  Neither the Eleventh Circuit nor this Court has found that an entity like the Plaintiff must prove its investors'

citizenship.  This is not Certain Underwriter at Lloyd's, London.  To the contrary, as Sagicor is incorporated in the United Kingdom and its principal place of business is in London and is made up entirely of corporate capital, with no names, diversity exists.  *Am. Compl.* ¶ 1.  As such, *Osting-Schwinn* is inapplicable here as there are no names at issue as there were in that case.  *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088-90 (11th Cir. 2010)

## II.   <u>Right to File Suit</u>

Sagicor properly brings the instant action as subrogee of its insured, CCCA.  *See Am. Compl.* ¶¶ Introduction and 30-34.  No certificate of authority from the Secretary of State is necessary.   In Georgia, it is established that surplus lines insurers have the right to pursue litigation despite the fact that they have not obtained certificates of authority from the Secretary of State.[3]  *See Kay-Lex Co.*, 286 Ga. App. at 484, 649 S.E. 2d at 602.

In *Kay-Lex*, when faced with the very same argument posed by the Defendant,

---

[3] The Defendant's argument that Sagicor does not plead all of the elements of the surplus lines statute is meritless.  The Defendant cites no authority requiring such a showing in the Amended Complaint is necessary to support standing and such suggestion is again an over-emphasis on an insignificant nuance immaterial to

and when ruling on O.C.G.A. § 14-2-1502, the court determined that surplus lines carriers represented an exception to the general rule that a foreign corporation may not maintain a cause of action in any Georgia court until it obtains a certificate of authority. *See Kay-Lex Co.*, 286 Ga. App. at 484, 649 S.E. 2d at 602. First, the court reasoned that "O.C.G.A. § 33-33-2 (b) provides that litigation in connection with the adjustment of any claim arising under an insurance contract 'shall not be deemed to constitute transacting of insurance in this state.'" *Kay-Lex Co.*, 286 Ga. App. at 492, 649 S.E. 2d at 609. The court further reasoned that surplus lines carriers are regulated by the O.C.G.A. § 33-5-1 et seq., which "specifically authorizes the procurement of surplus line insurance from insurers who have not been authorized to sell insurance in Georgia, as long as, among other things, it is procured through a licensed surplus broker." *Id.* The court held that "even without a certificate of authority from the Secretary of State, those who provide surplus line insurance coverage in Georgia may maintain a proceeding in this State in connection with the

---

Sagicor's standing and contrary to Rule 8's notice pleading. Fed. R. Civ. P. 8(a). Again, though no action is necessary as the Amended Complaint is appropriate, Sagicor is seeking leave to file a Second Amended Complaint to allow the Court to focus solely on the merits of this action.

adjustment of claims arising under that insurance." *Id.* Clearly, subrogation is "in connection with the adjustment of any claim."

The Defendant's interpretation seeking to limit *Kay-Lex* is entirely incorrect, as is its reliance upon O.C.G.A. § 14-2-1502, as addressed by *Kay-Lex*, and *Iowa State Travelers Mut. Ass'n v. Caldwell*. *Kay-Lex* specifically speaks to O.C.G.A. § 14-2-1502, explaining that an action by a surplus lines insurer is an exception to the code section. *Kay-Lex Co.*, 286 Ga. App. at 492, 649 S.E. 2d at 609. The limited reading of *Kay-Lex* advanced by the Defendant is unnecessarily restrictive and overlooks the Court's underlying position, that surplus lines carriers, already regulated by the state, need not meet the further requirements for filing suit. This action in particular should be found to be within those ambit of cases which can be brought as an exception as it is grounded in Sagicor's role as a surplus lines insurer. *Id.*

Finally, *Iowa State* simply instructs that an insurance company not authorized to transact business in Georgia, but doing business here, is subject to suit in Georgia, does not consider a surplus lines policy, and was decided in 1966, more than 40 years before the controlling *Kay-Lex*. *Iowa State Travelers Mut. Ass'n v. Cadwell*, 113 Ga. App. 128, 147 S.E.2d 461, 462 (1966). *Iowa State* does not address standing to file a lawsuit. *Id.* Therefore, as a surplus lines insurer and by extension an exception

to O.C.G.A. § 14-2-1502, as explained by the Court of Appeals in *Kay-Lex*, Sagicor has a right to pursue this matter.[4]

## **CONCLUSION**

Given that complete diversity exists between the Plaintiff and Defendant and Sagicor has the right to pursue a cause of action in this forum as a surplus lines insurer, jurisdiction is proper in this Court and the Defendant's Motion for Judgment on the Pleadings should be denied.

This 10th day of July 2014.

/s/ Nanette L. Wesley
Nanette L. Wesley
GA Bar No. 748388
Kylie Holladay
GA Bar No. 100162

**WESLEY HOLLADAY, LLC**
2974 Lookout Place NE
Atlanta, Georgia 30305
PH (678) 686-2980
FX (678) 686-2981
nwesley@wesleyfirm.com
kholladay@wesleyfirm.com

---

[4] Furthermore, as the Defendant failed to raise standing as an affirmative defense, it should be waived. Fed. R. Civ. P. 12(h)(1).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SAGICOR CORPORATE CAPITAL LIMITED
a/s/o CAMELOT CLUB CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.

DELTA PLUMBING, INC.

      Defendant.

CASE NO.  1:13-cv-03327-SCJ

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date a true and correct copy of **PLAINTIFF SAGICOR CORPORATE CAPITAL LIMITED A/S/O CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC.'S RESPONSE MEMORANDUM TO DEFENDANT DELTA PLUMBING, INC'S MOTION FOR JUDGMENT ON THE PLEADINGS** was served by electronic means via the Court's ECF system which will electronically deliver a copy to the following attorneys of record as follows:

Sean L. Hynes, Esq.
Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060
<u>hynes@downeycleveland.com</u>

David J. Merbaum, Esq.
Andrew Becker, Esq.
Merbaum Law Group P.C.
5755 North Point Parkway, Suite 284
Alpharetta, GA  30022
dmerbaum@bellsouth.net
abecker@merbaumlaw.com

This 10th day of July 2014.

/s/ Nanette L. Wesley
Nanette L. Wesley
GA Bar No. 748388

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font and in accordance with Local Rule 5.1B.

So certified this 10th day of July 2014.

<u>/s/ Nanette L. Wesley</u>
Nanette L. Wesley
GA Bar No. 748388